CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
Harrisonburg
MAR 19 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ARLIN EDWARD RANEY, ) | |
| ) | Civil Action No. 5:09cv00012 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SECRETARY OF COMMERCE, et al., ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| Defendants. ) | |

This is an action for compensatory and punitive damages by Arlin Edward Raney ("Raney") against the Secretary of Commerce[1] and the United States Patent and Trademark Office ("USPTO") for violating his constitutional rights under the Patents and Copyrights Clause of the United States Constitution. U.S. Const. Art. I, § 8, cl. 8. Raney seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. The court permits Raney to proceed *in forma pauperis*, but dismisses his claims for lack of jurisdiction or alternatively for failure to state a claim.

I.

Raney's complaint alleges that the Secretary of Commerce and the USPTO violated Raney's constitutional rights under the Patents and Copyrights Clause by improperly claiming that he abandoned his patents, by charging exorbitant fees, and by "permitt[ing] the Patent office to degrade into a dysfunctional PTO office." Raney also alleges that George Steele ("Steele"), a patent examiner employed by the USPTO, stole his ideas and sold them to others.[2] Raney

---

[1] The complaint names the Secretary of Commerce as the defendant but the facts suggest that the appropriate defendant is the Director of the United States Patent and Trademark Office.

[2] Despite these allegations, George Steele is not named as a defendant in the complaint.

requests compensatory and punitive damages in the amount of $1.5 billion, which he describes as "a mere pittance."

## II.

Sovereign immunity protects the United States and its agencies from suit unless Congress expressly consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Because this is a claim for damages, Congress must not only waive sovereign immunity but "the waiver of sovereign immunity must extend unambiguously to . . . monetary claims." Lane v. Pena, 518 U.S. 187, 192 (1996). There is no indication that Congress has made the necessary waiver. Without a waiver of immunity the court lacks jurisdiction to entertain the claim and the case must be dismissed. Mitchell, 445 U.S. at 538.

## III.

To the extent Raney's complaint can be construed as an attempt to sue the Secretary of Commerce for money damages in a Bivens action, his claim must be dismissed because a Bivens action is not available under these circumstances. A Bivens suit is a judicially created cause of action that allows a plaintiff to recover monetary damages when a federal officer violates the plaintiff's constitutional rights. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, the Supreme Court has expressly refused to imply a remedy under Bivens in circumstances where there are "special factors counseling hesitation in the absence of affirmative action by Congress," id. at 396, such as when Congress already provides an alternate remedial scheme that provides adequate compensation, see Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). The extensive statutory and regulatory system governing patents and providing mechanisms for dealing with violations of patent rights is an alternate

scheme and "special factor[] counseling hesitation," precluding Raney's attempt to sue under Bivens.[3]

## IV.

For the above-stated reasons, the court dismisses Raney's complaint without prejudice.

**ENTER:** This March 19, 2009.

UNITED STATES DISTRICT JUDGE

---

[3] Furthermore, to the extent a Bivens claim would be cognizable against the Secretary of Commerce, the Western District of Virginia is not the appropriate venue. Generally, in "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity" venue is appropriate "in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). However, this nationwide venue statute for suits against federal officials does not apply to Bivens actions, which are brought against federal officers in their *individual capacities*. Stafford v. Briggs, 444 U.S. 527, 543–44 (1980). Instead, these suits fall within the scope of 28 U.S.C. § 1391(b), which requires that the suit be brought in the district where the defendant resides or where the cause of action arose. Id.

The USPTO's principal office, and thus its residence, is located in Alexandria, Virginia. See Michilin Prosperity Co. v. Dudas, No. 06-1471, 2007 WL 2225890, at *2 (D.D.C. July 31, 2007); see also 35 U.S.C. § 1(b) ("The United States Patent and Trademark Office shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located."). This is also considered the residence of the Director of the USPTO. Michilin Prosperity Co., 2007 WL 2225890, at *2. Raney's claims involve the determination that he abandoned his patents, the failure to issue him new patents, and the alleged theft of his ideas. These actions presumably occurred at the PTO's principal office in Alexandria. Therefore, venue is not proper in the Western District of Virginia.